# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5684 | **DATE** | 11/10/2011 |
| **CASE TITLE** | Martin Padilla vs. David Baker, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's second motion for appointment of counsel [6] is denied. Plaintiff's motion for leave to proceed in forma pauperis [7] is denied. Plaintiff is given until December 15, 2011 to file the above-referenced motion and the memorandum. If Plaintiff is unable to provide the above information, Plaintiff is given until December 15, 2011 to pay the filing fee. Plaintiff is warned that failure to file the above-referenced motion and memorandum by December 15, 2011, or failure to pay the filing fee by December 15, 2011 will result in the dismissal of the instant action. Plaintiff's motion to reconsider [15] is denied. Plaintiff's motion to dismiss [16] is denied.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

This matter is before the court on Plaintiff Martin Padilla's (Padilla) motion to reconsider, second motion for leave to proceed *in forma pauperis*, motion for appointment of counsel, and motion to dismiss. On September 30, 2011, the court denied Padilla's first motion for leave to proceed *in forma pauperis* since Padilla had not submitted an *in forma pauperis* application form for proceeding in the Northern District of Illinois and had failed to indicate whether he received any income from sources other than those specifically listed on the form. The court gave Padilla until October 26, 2011 to pay the filing fee. The court also warned Padilla that failure to pay the filing fee by October 26, 2011 would result in the dismissal of the instant action. Instead of paying the filing fee by the deadline given, Padilla filed a motion to reconsider, a second *in forma pauperis* application form, a motion for appointment of counsel, and a motion to dismiss. Since Padilla is proceeding *pro se*, the court has liberally construed all of Padilla's filings.

In Padilla's motion to reconsider, Padilla makes certain statements regarding his own income and expenses. Since Padilla's statements do not address the income, assets, and expenses of others in Padilla's household, Padilla has not shown that the court erred in denying his first motion for leave to proceed *in forma pauperis*. Therefore, Padilla's motion to reconsider is denied.

# STATEMENT

With respect to Padilla's second motion for leave to proceed *in forma pauperis*, Padilla has again failed to provide sufficient information concerning his financial status and has not properly completed his *in forma pauperis* application form. For example, Padilla indicates that he is not married, but later references a spouse who Padilla states is dependant upon Padilla for financial support. (IFP Par. 3, 11). Padilla also indicates that his father lives at the same residence and has more than $200 in cash or in checking or savings accounts, but Padilla does not specify the total amount. (IFP Par. 5). In addition, Padilla does not indicate whether there are any persons living with him who are dependent upon him for support. (IFP Par. 10).

Based on the above, the court denies Padilla's second motion for leave to proceed *in forma pauperis*. However, the court will give Padilla one final opportunity to provide sufficiently detailed information concerning his financial status. If Padilla wishes to proceed with this action, Padilla should file a new *in forma pauperis* application together with a memorandum in the form of an affidavit indicating all income that Padilla or anyone residing in his household receives, the sources of such income, all valuable assets owned by Padilla or anyone residing in his household, and all expenses for Padilla or anyone residing in his household, including supporting documents. Padilla is given until December 15, 2011 to file the above-referenced motion and the memorandum. If Padilla is unable to provide the above information, Padilla is given until December 15, 2011 to pay the filing fee. Padilla is warned that failure to file the above-referenced motion and memorandum by December 15, 2011, or failure to pay the filing fee by December 15, 2011 will result in the dismissal of the instant action.

Padilla also seeks appointment of counsel. An indigent civil litigant does not have a right to appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion, can appoint counsel for indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel for a civil litigant, a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007)(stating that there is no presumption in favor of granting or denying a motion for appointment of counsel and that each motion is to be considered individually). In considering the competency factor, the court must determine "whether the difficulty of the

| STATEMENT |
|---|

case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'")(quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). In assessing competency, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted). In ruling on a motion for appointment of counsel, the court should take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" and evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse" and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

Padilla's case does not appear overly complex or difficult, factually or legally. The court has considered the entire record in this case at this juncture, as it reflects on Padilla's ability to coherently present his case as a layperson and his ability to perform the tasks that normally attend litigation. The court concludes that, based upon the record before the court, Padilla is competent to present his case without the assistance of appointed counsel. Therefore, the court finds that an appointment of counsel is not warranted at this juncture and the court denies the motion for appointment of counsel.

Finally, Padilla's motion to dismiss relates to his pending appeal. Such motion is not appropriately before this court. Therefore, to the extent the motion has been addressed to this court, the motion is denied.