# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5684 | **DATE** | 11/30/2011 |
| **CASE TITLE** | Martin Padilla vs. David Baker, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for leave to proceed on appeal in forma pauperis [19] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     This matter is before the court on Plaintiff Martin Padilla's (Padilla) motion for leave to proceed on appeal *in forma pauperis*. On September 30, 2011, the court denied Padilla's first motion for leave to proceed *in forma pauperis* since Padilla had not submitted an *in forma pauperis* application form for proceeding in the Northern District of Illinois and had failed to indicate whether he received any income from sources other than those specifically listed on the form. The court gave Padilla until October 26, 2011 to pay the filing fee. The court also warned Padilla that failure to pay the filing fee by October 26, 2011 would result in the dismissal of the instant action.

     Instead of paying the filing fee by the deadline given, Padilla filed a motion to reconsider and a second motion for leave to proceed *in forma pauperis*. On November 10, 2011, the court denied those motions. In making its rulings, the court indicated that Padilla had not shown that the court erred in denying Padilla's first motion for leave to proceed *in forma pauperis*, and that Padilla's second motion for leave to proceed *in forma pauperis* was deficient because Padilla failed to provide sufficient information concerning his financial status and did not properly complete his *in forma pauperis* application form.

     Although the court denied Padilla's motion to reconsider and second motion for leave to proceed *in*

| STATEMENT |
|---|

*forma pauperis*, the court did not dismiss Padilla's case. Instead, the court gave Padilla one final opportunity to provide sufficiently detailed information concerning his financial status. The court admonished Padilla that if he wished to proceed with the instant action, he should file a new *in forma pauperis* application together with a memorandum in the form of an affidavit indicating all income that Padilla or anyone residing in his household receives, the sources of such income, all valuable assets owned by Padilla or anyone residing in his household, and all expenses for Padilla or anyone residing in his household, including supporting documents. The court gave Padilla until December 15, 2011 to file the above-referenced motion and the memorandum. The court also indicated to Padilla that if he did not provide the above information, he could have until December 15, 2011 to pay the filing fee.

Padilla has now filed a motion for leave to proceed on appeal *in forma pauperis*. Since the instant action has not been dismissed, Padilla's appeal and corresponding motion for leave to proceed on appeal *in forma pauperis* are premature. Therefore, the court denies Padilla's motion for leave to proceed on appeal *in forma pauperis*.